DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC S. STEVENS, ESQ. (SBN 251245)
ACE T. TATE, ESQ. (SBN 262015)
IAN B. SANGSTER, ESQ. (SBN 287963)
**MASTAGNI HOLSTEDT**
A Professional Corporation
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
davidm@mastagni.com
istevens@mastagni.com
atate@mastagni.com
isangster@mastagni.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ENGLERT, RICHARD RAMIREZ, MATTHEW VAN HAGEN, RYAN PASKIN, and CASEY WILSON on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MERCED,<br><br>Defendant. | Case No.<br><br>**COMLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION - 29 U.S.C. § 216(b)** |

## I.

## INTRODUCTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201, et seq., to recover from Defendant CITY OF MERCED (hereinafter "Defendant") unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees.

2. This action arises from Defendant's failure to include all statutorily required forms of remuneration in the "regular rate" used to calculate overtime compensation for Plaintiffs and all similarly situated individuals.

## II.

## PARTIES

3. Plaintiffs CHAD ENGLERT, RICHARD RAMIREZ, MATTHEW VAN HAGEN, RYAN PASKIN, and CASEY WILSON (collectively "Plaintiffs") are employed by the Defendant. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals Defendant failed to properly compensate for overtime hours worked within the three years prior to filing this action.

4. Defendant implemented an illegal compensation computation method, which under calculates Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay results, and has resulted, in the under-payment for overtime hours worked. Defendant suffered or permitted Plaintiffs to perform overtime work without proper compensation.

5. Defendant is a political subdivision of the State of California, and employed the Plaintiffs.

6. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. These individuals constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated.

7. The named Plaintiffs will fairly and adequately reflect and represent the interests of those similarly situated. There is no conflict as to the individually named Plaintiffs and other members of the collective action with respect to this action or with respect to the claims for relief set forth herein.

## III.

## JURISDICTION

8. This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. section 201, *et. seq.*, to recover from Defendant unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees. This Court has jurisdiction over this action

COMPLAINT FOR VIOLATION OF THE                                                                                   *ENGLERT, et al. v. CITY OF MERCED*
FAIR LABOR STANDARDS ACT
2

pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b), because this action is based on the FLSA. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. sections 207, *et seq.*

## IV.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who are or were employed by Defendant at any time in the last three years and were deprived of their complete statutory overtime compensation because of Defendant's uniform exclusion of certain items of remuneration from the regular rate including but not limited to holiday in lieu compensation as well as other payments made pursuant to the applicable collective bargaining agreements. These individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. Plaintiffs' claims are typical of those of other individuals who are similarly situated. Plaintiff will fairly and adequately represent the interests of those similarly situated.

10. This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, pursuant to 29 U.S.C. section 216(b), for unpaid overtime compensation, liquidated damages thereon, based on a three-year statute of limitations, and relief incident and subordinate thereto, including attorney fees and costs.

11. Plaintiffs' claims for relief for violations of the FLSA are brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. section 216(b) for all violations of the FLSA.

12. Plaintiffs hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. sections 216(b) and 256.

13. On information and belief, the exact number of similarly situated individuals in the collective action, as herein identified and described, is estimated to consist of well over forty individuals. The identity of these individuals is readily ascertainable from Defendant's records, and notice can be provided by conventional means such as U.S. mail, email, and workplace postings.

14. A collective action is a superior method for bringing this action in that there is a well-defined community of interest in the questions of law and fact. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group, including whether Defendant failed to fully compensate Plaintiff and similarly situated individuals for all overtime hours worked by excluding certain remunerations from the "regular rate" of pay used to calculate overtime compensation, including but not limited to holiday in lieu compensation as well as other payments made pursuant to the applicable collective bargaining agreements. The relief sought is common to the entire class.

15. Plaintiffs' claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiffs' rights to the relief sought herein. There is no conflict as to the named Plaintiffs and other members of the collective group seeking to opt in, with respect to this action, or with respect to the claims for relief set forth herein.

16. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective action would create a risk of inconsistent adjudications with respect to individual members of the class which may as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

17. Plaintiffs' counsel will conduct and be responsible for Plaintiffs' case herein. David E. Mastagni, Isaac Stevens, Ace T. Tate and Ian B. Sangster, who will be primarily responsible for litigating this matter, are experienced and capable in the field of FLSA and labor/employment litigation and have represented thousands of employees pursuing wage and hour claims throughout the State of California, and have recovered significant sums on their behalf.

18. This action is appropriate for conditional certification as a collective action because Defendant subjected Plaintiffs, and the class of putative plaintiffs they seek to represent, to the same uniform practice of excluding certain remunerations from the "regular rate" of pay used to calculate their overtime compensation, including but not limited to holiday in lieu compensation as well as other payments made pursuant to the applicable collective bargaining agreements.

19. This factual nexus is sufficient to justify the Court to exercise its discretion to ensure that accurate and timely notice is given to all similarly situated current and former non-exempt employees of Defendant so that they may make an informed decision about whether or not to join this action.

## VI.

## FACTUAL ASSERTIONS

20. Plaintiffs are or were employed by Defendant within the three years prior to filing this action.

21. At all times relevant thereto, Plaintiffs', and on information and belief similarly situated individuals', terms and conditions of employment, including their compensation, is or was governed by a memorandum of understanding ("MOU") between Defendant and the International Association of Firefighters, Local 1479 ("Local 1479").

22. Plaintiff, and on information and belief similarly situated individuals, were paid a salary pursuant to the applicable MOU.

23. At all times relevant hereto, Defendant suffered or permitted Plaintiffs and other similarly situated individuals to work hours beyond statutory thresholds for overtime compensation required by the FLSA.

24. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Madison v. Resources for Human Development* 233 F.3d 175, 187 (3rd. Cir. 2000).)

25. Defendant's past and current practice of computing Plaintiffs' overtime has impermissibly reduced the amount being paid to them by failing to include all statutorily required amounts into the calculation of their "regular rate" of pay as defined by 29 U.S.C. section 207(e).

26. Plaintiffs and similarly situated individuals are not entitled to paid idle holidays. Rather, Defendant requires Plaintiffs, and on information and belief similarly situated individuals, to

work their regularly assigned schedule regardless of holidays. Under the MOU governing employment of fire engineers, firefighters, and fire captains, Plaintiffs and similarly situated individuals are paid compensation in lieu of observing holidays. Plaintiffs, and on information and belief similarly situated individuals, are not allowed to use this holiday in lieu compensation as leave. These holiday in lieu payments did not fluctuate with the working hours of Plaintiffs, and on information and belief similarly situated individuals.

27. Defendant excluded Plaintiffs' holiday in lieu pay from their respective "regular rate" used to calculate their overtime. On information and belief, Defendant excluded holiday in lieu pay from the "regular rate" used to calculate overtime for all similarly situated individuals.

28. Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiffs' "regular rate" of pay.

29. 29 C.F.R. 778.218(b) prohibits an employer from using 29 U.S.C. section 207(e)(2) to exclude payments from the "regular rate" that are made for regularly scheduled days of rest or in addition to compensation for working on other days or not due to holidays.

30. Defendant also provided additional payments to Plaintiffs and similarly situated individuals pursuant to the applicable MOU. On information and belief, Defendant also excluded these payments from the calculation of the regular rate.

31. By excluding these holiday in-lieu payments and payments provided by the MOU from the "regular rate" used to calculate overtime compensation paid to Plaintiffs and other similarly situated individuals, Defendant failed to pay them one and one-half times their "regular rate" of pay for all hours of overtime they worked.

32. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs and similarly situated individuals.

33. Plaintiffs are informed and believe, and based thereon allege, Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to exclude

remunerations from the calculation of Plaintiffs' and similarly situated individuals' "regular rate" of pay.

34. Defendant's continuing failure to properly compensate Plaintiff and similarly situated individuals was not in good faith and is a willful violation of the FLSA as it applies to employees of local governments.

35. As a result of the foregoing violations of the FLSA alleged herein, Plaintiffs seek back overtime compensation, as well as liquidated damages thereon.  Plaintiffs seek this relief for the entire period of time Defendant engaged in said unlawful and willful conduct, beginning three years prior to the filing of this complaint as prescribed by the FLSA.

36. Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

**FIRST COUNT**

**(Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned)**

37. Plaintiffs incorporate by reference each and every paragraph above inclusive as though set forth fully herein.

38. Defendant suffered or permitted Plaintiffs and, on information and belief, other similarly situated individuals to work overtime but failed to include all required forms of compensation into the "regular rate" of pay used to calculate their overtime compensation.

39. By failing to include all requisite forms of compensation in the "regular rate" of pay used to calculate overtime compensation, Defendant failed to compensate Plaintiffs and similarly situated individuals at one and one-half times the "regular rate" of pay for all overtime hours as required by the FLSA.

40. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs and similarly situated individuals for all hours worked at one and half times the "regular rate" of pay as required by the FLSA.

41. At all times relevant hereto, Defendant and its agents and representatives knew or should have known of their obligations to pay Plaintiffs and similarly situated individuals overtime

compensation at one and one-half of their "regular rate" of pay for all hours worked in excess of the applicable maximum weekly hours established by section 207 of the FLSA.

42. At all times relevant hereto, Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith, and was a willful violation of the FLSA.

43. As a result of the foregoing violations of the FLSA as enumerated herein, Plaintiffs seek back pay of overtime compensation that was earned but unpaid, as well as an equal amount in liquidated damages for the period beginning three (3) years prior to the filing of this action.

44. Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiffs and all similarly situated individuals pursuant to 29 U.S.C. section 216(b);

2. For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and a willful violation of the FLSA, and therefore Plaintiffs and similarly situated individuals are entitled to recover damages under a three (3) year statute of limitations;

3. For reasonable attorney fees pursuant to 29 U.S.C. section 216(b);

4. For costs incurred as a result of this proceeding;

5. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable compensation policies to clearly indicate that the above-referenced remuneration will be included in the "regular rate" of pay for the purposes of overtime compensation;

6. For conditional certification of the collective class as pled;

7. For an order to timely notify all potential collective class members of this action;

8. For such other and further relief as the court deems just and proper.

Respectfully submitted,

Dated: September 12, 2018              **MASTAGNI HOLSTEDT, APC**


                                       By:     /s/ Ace T. Tate
                                       DAVID E. MATAGNI
                                       ISAAC S. STEVENS
                                       ACE T. TATE
                                       IAN B. SANGSTER
                                       Attorneys for Plaintiffs