# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ENGLERT, et al., | 1:18-cv-01239-LJO-SAB |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING MOTION FOR A MORE DEFINITE STATEMENT |
| v. | |
| CITY OF MERCED, | |
| Defendant. | (ECF No. 4) |

## I. <u>PRELIMINARY STATEMENT TO PARTIES AND COUNSEL</u>

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to consider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. <u>INTRODUCTION</u>

This matter concerns the case filed by Plaintiffs Chad Englert, Richard Ramirez, Matthew Van Hagen, Ryan Paskin, and Casey Wilson ("Plaintiffs") seeking declaratory judgment on their own behalf, and on behalf of others similarly situated, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. On October 9, 2018, Defendant City of Merced ("Defendant" or "City of Merced") filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Plaintiff filed an opposition on November 6, 2018. ECF No. 13. Defendant filed a reply on November 13, 2018. ECF No. 14. The Court determined the matter to be suitable for decision on the papers under Local Rule 230(g), and took the motion under submission on November 14, 2018. ECF No. 15.

## III. <u>BACKGROUND</u>

The following facts are drawn from the complaint in this action, and are accepted as true only for the purposes of ruling on the instant motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiffs are employed by the City of Merced under a memorandum of understanding ("MOU") between Defendant and the International Association of Firefighter, Local 1479. ECF No. 1 ¶¶ 20-21. Plaintiffs are paid a salary, and work hours beyond the overtime threshold. *Id*. ¶ 23. Plaintiffs allege Defendant regularly failed to include statutorily required amounts in the calculation of Plaintiffs' "regular rates" for the purpose of overtime pay calculation, and thereby reduced the amount of overtime paid to Plaintiffs. *Id*. ¶ 25. Specifically, Plaintiffs are not entitled to paid idle holidays but must work their regularly assigned schedule regardless of holidays. *Id*. ¶ 26. Plaintiffs are paid compensation in lieu of observing holidays. *Id*. Plaintiffs are not permitted to use holiday in lieu compensation as leave, and the payments do not fluctuate with Plaintiffs' working hours. *Id*. Defendant did not include this holiday in lieu pay in the calculation of Plaintiffs' regular rates. *Id*. ¶ 27.

## IV. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal

theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## V. <u>ANALYSIS</u>

Plaintiffs' primary contention in this litigation is that Defendant improperly excluded holiday pay from the calculation of Plaintiffs' "regular rate." Under the FLSA, overtime rates are based on the regular rate, meaning that the exclusion of holiday pay from the rate resulted in Plaintiffs' being paid a lower overtime rate than they would otherwise have earned. The Court recently ruled on a motion to dismiss a substantially similar claim in *McKinnon v. City of Merced*, Case No. 1:18-cv-1124-LJO-SAB, ECF No. 20. That motion to dismiss involved similar factual circumstances and the same legal issue on which the instant motion turns, namely whether holiday pay may be exempted from inclusion in the regular rate. The Court incorporates by reference its memorandum decision and order in *McKinnon*, and finds that Defendant has not met its burden to show that the exemption set forth at 29 U.S.C § 207(e)(2) applies.

The sole additional argument in favor of exemption made by Defendant in this case consists of a single mention of 29 U.S.C. § 207(e)(6), accompanied by the bare statement that the section "expressly excludes extra compensation paid for work on holidays" and no supporting argument. ECF No. 4-1 at 6. The section exempts from the regular rate "extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek." 29 U.S.C. § 207(e)(6). It does not clearly apply to the holiday pay scheme here, which provides for extra compensation to employees who are scheduled to work on holidays but does not establish a "premium rate" for hours worked. With no supporting argument, the Court cannot conclude that Defendant met its burden to show that the § 207(e)(6) exemption applies. Accordingly, Defendant's motion to dismiss is DENIED.

4

Defendant moves, in the alternative, for a more definite statement. ECF No. 4-1 at 14-15. Defendant contends allegations in Plaintiffs' complaint are impermissibly broad and lack specificity. *Id*. For example, Plaintiffs allege that "Defendant also provided additional payments to Plaintiffs and similarly situated individuals pursuant to the MOU" but did not include those payments in the regular rate calculation. ECF No. 1 ¶ 30. The complaint does not provide any indication as to what type of payments should have been included in the regular rate or when the payments occurred. There is a complete lack of factual detail regarding the additional payments. This type of open-ended pleading simply does not comport with the requirement of Federal Rule of Civil Procedure 8 that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Notice pleading does not require detailed facts. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679. A plaintiff need only allege sufficient facts that, taken as true, state a plausible claim to relief. *Iqbal*, 556 U.S. at 678. With no information as to the types of payments which Plaintiffs contend were not included in the regular rate, Defendant would not be able to reasonably respond to the allegations.

Plaintiffs contend that, to plead a FLSA claim, they need only show that a single pay item was excluded from their regular rate calculation. ECF No. 13 at 23. Pleading a single violation of the FLSA is sufficient to establish a claim based on that violation, but it does not entitle a plaintiff to proceed based on any and all violations subsequently discovered. The facts required to prove that an employer failed to properly calculate the regular rate by excluding holiday pay are different from the facts showing that it improperly excluded, for example, stock options under § 207(e)(8). While the parties cite to *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), that case concerned the required level of factual specificity as to hours worked required to plead failure to pay overtime or minimum wage claims. In *Landers*, the pleadings alleged that the violations were the result of a "piecework no overtime" system, 771 F.3d at 646, and the dispute turned on the required level of detail as to the time periods for which the plaintiffs were underpaid. Here, the problem is that the complaint

does not contain any facts whatsoever indicating the violations Plaintiffs allege. Without at least a general statement of the wrongfully excluded claims, Plaintiffs' complaint does not meet the minimal requirements of Rule 8. Accordingly, Defendant's motion for a more definite statement is granted.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to dismiss is DENIED and Defendant's alternate motion for a more definite statement is GRANTED. Plaintiffs may file an amended complaint within 30 days setting forth the specific additional payments they contend were improperly excluded from the regular rate. Alternatively, within 30 days Plaintiffs may file a notice with the Court indicating that they intend to proceed based on their allegations regarding holiday pay.

IT IS SO ORDERED.

Dated: **December 21, 2018**　　　　　/s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE