# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ENGLERT, et al., | Case No. 1:18-cv-01239-NONE-SAB |
| Plaintiffs, | ORDER REQUIRING SUPPLEMENTAL BRIEFING ON JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FLSA ACTION |
| v. | |
| CITY OF MERCED, | |
| Defendant. | SEVEN DAY DEADLINE |

On April 6, 2020, a joint motion for approval of a settlement agreement was filed in this matter. Upon review of the motion, the Court shall require supplemental briefing on the following issues.

1. <u>Certification of the Class</u>

Federally courts generally use a two-step approach to determine whether to allow a collective action to proceed. <u>Tijero v. Aaron Bros., Inc.</u>, 301 F.R.D. 314, 323 (N.D. Cal. 2013). Initially, the court determines whether the potential class members should receive notice of the action, and plaintiffs can satisfy their burden to show that they are "similarly situated." The Ninth Circuit has held that "plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." <u>Campbell v. City of Los Angeles</u>, 903 F.3d 1090, 1117 (9th Cir. 2018).

Here, Plaintiffs never moved to conditionally certify the class, nor do they address class

1

1 certification in their motion for approval of the settlement of this matter. While the parties
2 address whether the settlement is a fair and reasonable resolution of a bona fide dispute, they
3 have not addressed the requirement that the employees be similarly situated to proceed as a
4 collective action.

5 Although the statute does not address the procedural mechanism of certification of the
6 FLSA class, "district courts, both within this circuit and without, have arrived at a loose
7 consensus as to the proper procedure for determining whether the collective mechanism is
8 appropriate." Campbell, 903 F.3d at 1108–09. "Bringing a collective action suit requires
9 satisfying a two-step process: conditional certification and actual certification." Employer's
10 Guide to Fair Labor Standards Act, § 937 COLLECTIVE ACTIONS, 2019 WL 4694205.
11 '[W]hen considering a motion to approve the settlement of either a Rule 23 class or an FLSA
12 collective action, before a class or collective has been certified, the Court must first certify the
13 class or collective for the purpose of the settlement." Smith v. Kaiser Found. Hosps., No. 3:18-
14 CV-00780-KSC, 2019 WL 5864170, at *5 (S.D. Cal. Nov. 7, 2019).

15 Notably, there has been no conditional certification of the class, no class representative
16 was appointed, counsel has not been appointed to represent the class, and no notice was
17 approved to be distributed to the class. Plaintiffs shall be required to file supplemental briefing
18 identifying the class to be certified and addressing whether an FLSA class should be certified in
19 this action.

20     2.    <u>Potential Recovery</u>

21 The district court is to evaluate the potential range of recovery to ensure that the
22 settlement amount agreed to bears some reasonable relationship to the true settlement value of
23 the claims. Selk v. Pioneers Mem'l Healthcare Dist., 159 F.Supp.3d 1164, 1174 (S.D. Cal.
24 2016). "[I]n comparing the amount proposed in the settlement with the amount that plaintiffs
25 could have obtained at trial, the court must be satisfied that the amount left on the settlement
26 table is fair and reasonable under the circumstances presented." Selk, 159 F.Supp.3d at 1174.
27 "Even a fractional recovery of the possible maximum recovery amount may be fair and adequate
28 in light of the uncertainties of trial and difficulties in proving the case." Millan, 310 F.R.D. at

1 611.

2     Here, the parties dispute the proper method to calculate the overtime compensation under
3 the FLSA.  In the motion to approve the settlement, the parties have used the amount of damages
4 that the defendants have calculated by using 29 C.F.R. § 778.110(b) and have determined that
5 damages in this action would be $118,252.05 and liquidated damages would be $118,251.80.
6 (ECF No. 38-5 at 64-65.)   However, in the motion, Plaintiffs state that damages should be
7 calculated using the method set forth in 29 C.F.R. § 778.113.  In his declaration, Mr. Mastagni
8 states that the method of calculating damages used has a significant effect on the amount of
9 overtime owed.  Plaintiffs state that the amount agreed to in settlement is near the maximum
10 range but this is based on Defendant's calculation and Plaintiffs have not included the maximum
11 compensation based on their calculation although they argue that there would be significant
12 deductions if they don't prevail on various issues.  Plaintiffs shall provide the Court with the
13 maximum damages that could be recovered in this action so the Court can evaluate whether the
14 amount offered in settlement is reasonable.

15     3.    <u>Attorney Fees</u>

16     Since the settlement agreement includes an award of attorney fees, the Court must access
17 the reasonableness of the fee award.  <u>Selk</u>, 159 F.Supp.3d at 1180.  "Where a settlement
18 produces a common fund for the benefit of the entire class, courts may employ either the lodestar
19 method or percentage-of-recovery method to determine a reasonable attorney's fee."  <u>Id.</u>  As
20 Plaintiffs recognize, they seek attorney fees of thirty-one percent of the settlement fund which is
21 far in excess of the benchmark in the Ninth Circuit.  See <u>In re Bluetooth Headset Products</u>
22 <u>Liability Litigation</u>, 654 F.3d 935, 942 (9th Cir. 2011) (in the Ninth Circuit, 25% of the common
23 fund is the "benchmark" for a reasonable fee).  If a percentage of the common fund method is
24 used, then the court uses the lode star method as a cross check for the reasonableness of the fees.
25 <u>Vizcaino v. Microsoft Corp.</u>, 290 F.3d 1043, 1050 (9th Cir. 2002); <u>see also</u> <u>Kerzich v. Cty. of</u>
26 <u>Tuolumne</u>, 335 F.Supp.3d 1179, 1185 (E.D. Cal. 2018) ("Typically, attorneys' fees under the
27 FLSA are determined using the lodestar method.").

28     While Plaintiffs have set forth total hours expended in this by various personnel, they

have not included billing records which the Court requires to determine if the hours expended are reasonable in conducting a lode star analysis. Accordingly, Plaintiffs shall submit billing records for the Court to review.

Accordingly, IT IS HEREBY ORDERED that within seven (7) days of the date of entry of this order, Plaintiffs shall submit supplemental briefing regarding the issues identified in this order.

IT IS SO ORDERED.

Dated:   **April 24, 2020**

UNITED STATES MAGISTRATE JUDGE